2213

CITY OF ABBEVILLE, Respondent v. SOUTH CAROLINA INSURANCE RESERVE FUND, Appellant.

(448 S.E. (2d) 579)

Court of Appeals

*Stephen D. Baggett,* of *Burns, McDonald, Bradford, Patrick & Tinsley,* Greenwood, *for appellant.*

*Thomas E. Hite, Jr.,* of *Hite & Pruitt,* Abbeville, *for respondent.*

Heard June 9, 1994.

Decided Aug. 15, 1994; Reh. Den. Sept 29, 1994.

CURETON, Judge:

The City of Abbeville sought a declaratory judgment that the South Carolina Insurance Reserve Fund was liable under a tort liability policy to pay for fire damage to a monument located in the Abbeville pubic square. The trial court held the Fund was liable under the policy. The Fund appeals. We reverse.

In 1906 the United Daughters of the Confederacy presented a monument to the City of Abbeville. In accepting the monument on behalf of the City, the Mayor proclaimed, "Madam President:—In the name of and on behalf of the City of Abbeville I accept this monument" and promise to "protect, defend, and preserve it, so long as time shall last." The monument was then placed on the town square, which is owned and maintained by the City of Abbeville.

Since 1949, the City has, during the Christmas season, annually erected a Christmas tree around the monument. In 1974, the United Daughters of the Confederacy expressed concerns over this practice, and the City conducted a referendum to determine whether its citizens wished to continue erecting the tree. After the referendum resulted in a vote in favor of erecting the Christmas tree, the United Daughters of the Confederacy filed suit to enjoin the City from doing so. The complaint in the lawsuit alleged that the United Daughters had presented the monument to the City in the 1906 dedication ceremony and that the City had accepted the monument. These allegations were admitted by the City in its answer.

Although the circuit court issued an order in favor of the City, holding that the Christmas tree could be constructed, it stated the City would be responsible for any damages resulting to the monument. The court further ruled that the City was bound by the results of the referendum.

In December, 1991 the tree constructed by the City caught fire, causing $200,000 worth of damage to the monument. The City maintains this damage is covered under the tort liability policy. The Fund maintains the damage falls under one or all of the following three exclusionary clauses contained in the policy:

This insurance does not apply

\* \* \* \* \*

(j) to property damage to
  (1) property owned or occupied by or rented to the insured;
  (2) property used by the insured; or
  (3) property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control.

The trial court held the City does not own the monument. The court held further that the City did not occupy or use the monument because the parties' stipulations established that the City did not touch, maintain or use it in any fashion to erect the tree. Finally, the court held the City did not have the care, custody and control of the monument because the City did not care for, maintain or take any action regarding the monument.

On appeal, the Fund argues the trial court erred as a matter of law in not ruling the City was barred by the policy exclusions. We agree.

At the very least, the monument was in the care, custody and control of the City. We consider the fact the City performed no maintenance on or otherwise attended to the monument to be in keeping with the nature of a monument, but not determinative of whether the monument was in the care, custody or control of the City. The newspaper account of the 1906 dedication ceremony indicates the President of the Abbeville Chapter of the Daughters of the Confederacy presented the monument to the City of Abbeville, requesting its citizens "care for, protect and honor it." Additionally, while the monument itself requires no care or maintenance, the grounds around it are naintained by the City of Abbeville. Moreover, in erecting the Christmas tree around the monument, common sense dictates the City controlled access to the monument and

its' view. Thus, we conclude the monument, located in the City's public square, is property in the care, custody or control of the City, and falls under the specific policy exclusion.

Accordingly, the appealed order is reversed.

Reversed.

HOWELL, C.J., and SHAW, J., concur.